
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NHAT D. MAI,

               Petitioner-Appellant,

     v.

JOE MCGRATH, Warden,

               Respondent-Appellee.

No. 09-15729

D.C. No. 3:05-cv-05272-MMC

MEMORANDUM[*]

Appeal from United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted August 8, 2012[**]
San Francisco, California

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before:    CALLAHAN and WATFORD, Circuit Judges, and SINGLETON,*** Senior District Judge

In 2003 Nhat D. Mai, on the advice of counsel, entered into a negotiated plea to one count of murder, two counts of attempted murder, and one count of assault with a deadly weapon in consideration of a stipulated sentence of forty years to life imprisonment. Mai was convicted and received the agreed upon sentence. Thereafter Mai sought to set aside his plea based upon allegations of ineffective assistance of counsel in the state courts and in district court. The state courts and the district court rejected Mai's claims.

Because the state courts did not provide a reasoned decision denying Mai's ineffective assistance of counsel claim, the district court conducted an independent review of the record and concluded that the state court's denial of Mai's habeas petition was not an unreasonable application of clearly established federal law. *See Himes v. Thompson*, 336 F.3d 848, 852-53 (9th Cir. 2003); 28 U.S.C. § 2254(d). Having reviewed the decision of the district court de novo and the district court's findings of fact for clear error, *Brown v. Ornoski,* 503 F.3d 1006, 1010 (9th Cir. 2007), we affirm.

---

***    The Honorable James K. Singleton, Jr., Senior United States District Judge for the District of Alaska, sitting by designation.

To succeed on a claim of ineffective assistance of counsel, Mai must establish that his plea was involuntary by demonstrating that his counsel's advice that caused him to plead guilty fell below "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citation omitted) (internal quotation marks omitted).

Mai argues that his counsel should have filed a motion to suppress a conversation he had with his father, in which he asked his father to provide an alibi for him and to contact fellow gang members to seek their assistance in intimidating witnesses. Unknown to Mai or his father, the police recorded this conversation, which took place at the police station after Mai's arrest but prior to being formally charged.[1] Although the conversation was in Vietnamese, a Vietnamese speaking police officer translated the recorded conversation.

Mai contends that this recorded conversation was the strongest evidence against him and claims that he demanded his attorney file a motion to suppress his conversation with his father. Three attorneys who represented Mai at various times all told him such a motion would fail. It is this advice that Mai contends was deficient and led to his plea. Mai believes that had a motion to suppress been filed,

---

[1] In order to establish the date Mai was formally charged, Appellee filed a motion requesting that we take judicial notice of the first page of the Felony Complaint charging Mai. The motion is unopposed and we therefore grant the motion.

3

it would have been granted, and if granted he would have elected to go to trial.  But federal law governs the inquiry here, and nothing in federal law indicates that a suppression motion would have succeeded had Mai's attorney filed one.

The people of California, utilizing the initiative process, have amended the state constitution to deny California judges jurisdiction to suppress evidence based upon provisions of state law.  Cal. Const., art. I, § 28(f)(2) (Truth-in-Evidence).  Under current California law, motions to suppress must be based upon federal law.  *See, e.g.*, *People v. Lessie,* 223 P.3d 3, 7 n.2 (Cal. 2010) (noting that California Constitution's Truth-in-Evidence provision "generally precludes California courts from creating new exclusionary rules based on the state Constitution").  Thus, the California courts considering Mai's attempt to set aside his plea would have had to consider the viability of a putative suppression motion under federal law.

The United States Supreme Court has never extended *Katz v. United States*, 389 U.S. 347 (1967), to create a right to privacy for inmates in jails conversing with anyone other than their lawyer.  The only Supreme Court case directly on point is *Lanza v. New York*, 370 U.S. 139, 142-43 (1962) (no right to privacy within police station).  While *Lanza* preceded *Katz*, later cases continue to cite *Lanza* for the principle that there is no right to privacy in conversations between people in a jail unless one of them is a retained or appointed lawyer.  *See, e.g., U.S.*

4

*v. Hearst*, 563 F.2d 1331, 1345 (9th Cir. 1977) ("Post-Katz decisions of this circuit dealing with jailhouse searches and seizures, however, have treated Katz and Lanza as compatible."); *People v. Loyd*, 45 P.3d 296, 299-301 (Cal. 2002); *Donaldson v. Superior Court*, 672 P.2d 110, 112 (Cal. 1983) (noting that a police interview room is not a protected area for Fourth Amendment purposes).

Given this state of the law, the California courts did not unreasonably apply *Strickland* in concluding that any advice by Mai's attorney on the recorded statement's admissibility was competent. Thus, any such advice could not have rendered Mai's plea involuntary under *Tollett v. Henderson,* 411 U.S. 258, 266 (1973).

Mai argues that the police intentionally used his father as an agent to "interrogate him." *See Rhode Island v. Innis*, 446 U.S. 291 (1980). There is no evidence that the police used Mai's father as an agent. Mai also makes a Sixth Amendment claim based upon *People v. Burton*, 491 P.2d 793 (Cal. 1971), *overruled by Lessie*, 223 P.3d at 13. He misreads *Burton* as holding that conversations with a parent should be treated as conversations with an attorney. In any event, *Burton* "is no longer good law." *Lessie*, 223 P.3d at 4. A party may not predicate a claim of ineffective assistance of counsel on a decision valid at the time

that was subsequently overruled. *See Lockhart v. Fretwell*, 506 U.S. 364, 372-73 (1993).

Finally, Mai contends that counsel's failure to obtain an interpreter to translate English into Vietnamese constituted ineffective assistance leading to an involuntary plea. There is no evidence to suggest that language difficulties prevented Mai from understanding the nature of the charges and the terms of his plea agreement. Mai came to the United States when he was seven and attended public school, eventually graduating from High School in California. His answers to questions put to him by court and counsel seem responsive. Mai has presented no evidence that his understanding of English was insufficient to enable him to enter a knowing, intelligent and voluntary plea. Thus, the California courts did not unreasonably apply *Strickland* in concluding that Mai failed to establish ineffective assistance of counsel on this ground.

Accordingly, the judgment of the district court is **AFFIRMED.** Appellee's motion to take judicial notice is granted.